IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas J. Graham and Carolina Mechanical, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Anthony M. Filipiak and D&L, Inc., )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 4:13-cv-02522-RBH<br><br><br><br>**ORDER** |

This matter is before the Court on the Motion to Remand [Doc. # 10] filed by Plaintiffs Thomas J. Graham and Carolina Mechanical, Inc. ("Graham"). For the reasons discussed herein, the Court grants Plaintiff's Motion and remands this case to the Court of Common Pleas for Darlington County.[1]

## Background

This lawsuit arises out of a partnership agreement between Plaintiff Thomas J. Graham and Defendant Filipiak relating to a heating and air conditioning business, Plaintiff Carolina Mechanical, Inc. Plaintiff initially brought this action in the Court of Common Pleas for Darlington County alleging several causes of action, including unjust enrichment, unfair competition, civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(5).

On September 16, 2013, Defendants removed this action to federal court. [*See* Not. of Removal, Doc. # 1.] On September 19, 2013, Plaintiffs filed an Amended Complaint, omitting the RICO claim. Plaintiffs amended their complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). On October 2, 2013, Plaintiffs filed the Motion to Remand at issue on the

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and the Court believes a hearing is not necessary.

basis that the Court should decline to exercise supplemental jurisdiction over the state law claims now that the sole federal claim is no longer being alleged.

## Standard of Review

A defendant bears the burden of establishing the existence of removal jurisdiction. *Mulachey v. Columbia Organic Chems*. Co., 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Id*. "In order for removal jurisdiction to exist, a federal court must have original jurisdiction." *Gressette v. Sunset Grille, Inc*., 447 F.Supp.2d 533, 535 (D.S.C. 2006). Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over all matters arising under the Constitution, laws, or treaties of the United States. See also 28 U.S.C. § 1367(a) (providing courts have supplemental jurisdiction if the state law claims are "so related to claims in the action within such original jurisdiction [federal question or diversity jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution").

## Discussion

Given that Plaintiff's Amended Complaint now contains no federal cause of action, the Court finds that the case should be remanded. In *Hinson v. Norwest Financial South Carolina, Inc*., 239 F.3d 611, 616 (4th Cir. 2001), the Fourth Circuit states:

> The exercise of discretion in these circumstances involves two overlapping decisions to be made by the district court-whether to continue exercising federal jurisdiction over pendent claims and whether to remand the case to State court. Section 1337(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remains in the case; or other compelling reasons. And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court

>should consider "principles of economy, convenience, fairness, and comity" and whether the efforts of a party in seeking remand amount to a "manipulative tactic." *Carnegie-Mellon v. Cohill*, 484 U.S. 343 at 357.

The court found that *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) "continues to inform the proper interpretation of § 1367" even though it was decided before the codification of the doctrine of pendent jurisdiction. In *Carnegie-Mellon*, the Supreme Court found that forum manipulation was only one factor to consider in exercising discretion on whether to remand a case after amendment of a complaint to delete the federal claims.

In the case at bar, the state claims involve complex issues relating to South Carolina partnership law and the state law claims predominate because only state law claims now exist after the amendment. In addition, judicial economy would be served by a remand where the case is in its early stages, and no discovery has occurred. The Court does not find that forum manipulation by the plaintiff sufficiently overrides the above factors.

Therefore, the Court will grant Plaintiff's request to remand this case.

The Court will next address the request by Defendant D&L, Inc. for $7,645.43 in attorney's fees which it incurred related to the removal of the case. Defendant contends that 28 U.S.C. § 1447(c)allows an award of fees to removing defendants, although it acknowledges that the statute is generally used to award fees to a plaintiff where a case is improperly removed. Assuming that Section 1447(c)may be used to award fees to a defendant in the situation where a case is properly removed, but the plaintiff amends the complaint to omit the only federal claim as in the case at bar, the Court does not find that an award of attorney's fees is appropriate. The defendant is benefitting from the plaintiff's decision to file an amended complaint without a RICO claim. However, if the plaintiff on remand seeks to amend the complaint again to add the RICO claim, then the Court would seriously consider an award of attorney's fees to the defendant after a second removal to this Court.

### Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. # 10] is **GRANTED**. The request by Defendant D&L, Inc. for attorney's fees is **DENIED**.

**IT IS ALSO ORDERED** that this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Darlington County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas for Darlington County, South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
December 16, 2013